Wilson, J.
Plaintiff Fahey commenced suit in the county court against the Gutheil Suburban Investment Company to recover on a promissory note, executed by it and payable to his order. Answer was filed admitting the execution of the note, but setting up facts from which it was claimed that there had been a failure of consideration. Upon trial, judgment was in favor of the plaintiff. From this an appeal was taken to the district court, and an appeal bond was executed, with appellants Gutheil and Joslin as sureties. When the cause *488 was regularly reached for trial in the district court, the defendant failed to appear, and it was taken up, and upon proof made by plaintiff, judgment was again rendered in his favor and against the investment company, defendant, and also against the appellants, Gutheil and Joslin, sureties upon the appeal bond. At the same time it was ordered by the court that a writ of scire facias issue against the sureties, returnable in ten days thereafter. Defendant, the investment company, excepted to the judgment, and prayed an appeal.
There are two assignments of error, one to the effect that the court erred in rendering an absolute and unconditional judgment against the sureties at the time of rendering judgment against the defendant, the maker of the note, and prior to the issuance of the writ of scire facias against, and service upon, the said sureties. Second, that the court erred in rendering judgment for the sum of $343.97, for the reason that it was about $6.00 in excess of the amount due on the note. As to the second assignment it is only necessary to say that there is no bill of exceptions in the case, and in the absence of the evidence, it is presumed that it was fully sufficient to sustain the findings and judgment of the court. Moreover, a simple calculation of interest upon the amount shown on the face of the note discloses that the amount of the judgment was correct.
As to the first assignment, the court in rendering judgment against the sureties in the manner in which it did, did simply what it was required to do by a mandato^ provision of the statute. Session Laws, 1885, sec. 5, p. 159. By directing that a scire facias be issued and served upon the sureties, it gave them ample opportunity to come in and show cause why the judgment should not be enforced against them. The proceedings upon scire facias, if any were had, are not preserved in the record or brought before us for review, and it will therefore be' presumed that the sureties made no showing as to why execution should not issue, and the judgment be enforced.
*489 It may be a serious question as to whether or not this appeal should not be dismissed, on the ground that the sureties are not properly before this court, but we have preferred to determine the cause on its merits. There being no error, the judgment will be affirmed.

Affirmed.